ALFRED S. BROWN et al.

*v.*

EMANUEL SIMANDL.

[Decided October 25th, 1920.]

A suit to restrain a defendant from constructing a building on land claimed by the complainant, in which the defendant denied the complainant's ownership thereof, and alleged ownership in himself, and in which the complainant did not allege that the defendant was unable to respond in damages, *held* not within the jurisdiction of equity, the question involved being a strictly legal question of title to be settled through an appropriate action at law, and the damage, if any, being such that it could be readily assessed by a jury.

On order to show cause why an injunction should not issue.

*Mr. Edward S. Atwater, Jr.,* for the complainants.

*Mr. Harold Simandl,* for the defendant.

FIELDER, V. C.

The bill in this cause is filed for an injunction to restrain defendant from occupying with a building he is about to construct, a strip of land which complainants claim to own. The bill alleges that this strip is part of a tract conveyed to Franklin N. Brown, in 1868, and which he took into possession, occupied and died seized and by his will devised to complainants; that prior to the time of the conveyance to Brown a boundary. fence had been erected along the south line of the lands conveyed to him, which fence was maintained by him and his devisees from 1868 to September 1st last, when the defendant entered on complainants' lands, tore down a portion of the fence, dug a trench on a portion of complainants' lands lying north of the fence and proceeded to fill the trench with cement as a foundation for the building defendant proposes to erect.thereon. The bill further alleges that if defendant is not restrained from proceeding with his building, complainants will suffer irreparable damage. On the bill and accompanying affidavits an order was made directing defendant to show cause why a temporary restraining order should not be issued against him, and on the return day defendant appeared and filed an affidavit setting up title to the disputed strip in himself by deed dated June 1st, 1920, from a grantor other than complainants, and alleging that complainants' fence encroached on his lands and claiming that the trench for his foundation has been dug wholly on land owned by him, the defendant. He now moves to discharge the order to show cause on the ground that complainants have a full, complete and adequate remedy at law and that this court, therefore, has no jurisdiction.

It is apparent that the matter in dispute is a question of title asserted by complainants and denied by defendant and that what complainants seek is to restrain a trespass on their lands. They do not pray that this court will settle the question of title, and their sole claim to equitable jurisdiction is based on their bare assertion that they will suffer irreparable damage if defendant is not enjoined. They do not allege that defendant is unable to respond in damages.

I am of the opinion that the right set up by complainants is a strictly legal question of title which can, and must, be settled

through an appropriate action at law. *Ballantine* v. *Harrison,* *37 N. J. Eq. 560; Hart* v. *Leonard, 42 N. J. Eq. 416; Outcalt* v. *George W. Helme Co., 42 N. J. Eq. 665, 676; Worthington* v. *Moon, 53 N. J. Eq. 46; Delaware, Lackawanna and Western Railroad* v. *Breckenridge, 55 N. J. Eq. 141, 593; Todd* v. *Staats, 60 N. J. Eq. 507; Colloty* v. *Stein, 80 N. J. Eq. 405; Myers* v. *Kelly, 83 N. J. Eq. 474.*

The damage, if any, which complainants may sustain, is not irreparable but can be readily assessed by a jury. *McGann* v. *La Brecque, 90 N. J. Eq. 526.* The defendant, being apprised of the situation, will proceed with his building at his peril.

The rule to show cause will be discharged.